```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                           HOUSTON DIVISION


JOSE SOLIS,                      §
                                 §
           Plaintiff,            §
                                 §
v.                               §    CIVIL ACTION NO. H-05-1361
                                 §
GRANT PRIDECO, L.P.,             §
                                 §
           Defendant.            §
```

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jose Solis, brings this action against defendant, Grant Prideco, L.P. Solis seeks recovery for damages sustained when he injured his back while working for defendant. Pending before the court is Defendant Grant Prideco, L.P.'s Motion for Summary Judgment (Docket Entry No. 6), to which plaintiff has not responded. For the reasons discussed below, the court will grant defendant's motion.

### I.  Background

Plaintiff filed this action in state court on November 30, 2004. In the original petition, plaintiff alleged that he injured his back on November 26, 2002, when a "supervisory employee" at defendant's Channelview, Texas, plant instructed him to lift and carry a sandbag weighing over one-hundred pounds. Plaintiff alleged that defendant breached its duties to provide a reasonably safe workplace and to use methods and processes reasonably necessary to protect its employees' health and safety.

Defendant received service of the citation and the original petition on April 11, 2005. Defendant removed the action to this court on April 18, 2005. Arguing that the state court action was filed outside of Texas' two-year statute of limitations for tort claims and noting the four-month, eleven-day lapse of time between the filing date and the date of service, defendant moved for summary judgment. Although plaintiff did not respond to the motion, he did file a "First Amended Petition" (Docket Entry No. 8) alleging that the injury occurred on January 27, 2003, instead of November 26, 2002, as alleged earlier.

When asked by the court at a July 29, 2005, scheduling conference to explain the delay between filing of the original petition and the effecting of service, plaintiff's counsel stated that the delay was caused by an error by the process server. Plaintiff has not filed an affidavit setting out the relevant facts.

## II.  Standard of Review

An order granting summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" dispute over a fact exists if "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2510 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." <u>Id</u>.

The party moving for summary judgment has the "initial responsibility of informing the district court of the basis for its motion" and "identifying those portions of [the record], which it believes demonstrate the absence of a genuine issue of material fact." <u>Id.</u> at 2553. If this burden is met, the nonmoving party must respond by going outside the pleadings and pointing to facts that indicate a "genuine issue for trial." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmoving party cannot rest on "'some metaphysical doubt,'" "'conclusory allegations,'" "'unsubstantiated assertions,'" or a mere "'scintilla'" of evidence. <u>Id.</u> at 1075 (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986); <u>Lujan v. Nat'l Wildlife Fed'n</u>, 110 S. Ct. 3177, 3180 (1990); <u>Hopper v. Frank</u>, 16 F.3d 92 (5th Cir. 1994); <u>Davis v. Chevron USA, Inc.</u>, 14 F.3d 1082 (5th Cir. 1994)).

### III. <u>Analysis</u>

Under Texas law a plaintiff must "bring suit" for personal injury "not later than two years after the day the cause of action accrues."[1] TEX. CIV. PRAC. & REM. CODE § 16.003(a). To "bring suit"

---

[1] The state statute of limitations applies to state law claims in federal court. <u>See</u> <u>Gonzales v. Wyatt</u>, 157 F.3d 1016, 1021 n.1 (5th Cir. 1998).

within this period a plaintiff "must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process." Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990) (citing Rigo Mfg. Co. v. Thomas, 458 S.W.2d 180, 182 (Tex. 1970)).  When a plaintiff files suit within the limitations period but does not serve the defendant until after that period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service.  Id. (citing Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 890 (Tex. 1975) (per curiam).  If the plaintiff does not exercise diligence in effecting service, the actual date of service controls for purposes of applying the statute of limitations.

 The existence of diligence is normally a question of fact. Webster v. Thomas, 5 S.W.3d 287, 289 (Tex. App. -- Houston [14th Dist.] 1999, no pet.).  However, a court may find lack of diligence as a matter of law if (1) no excuse is offered for a delay in the service, or (2) if the lapse of time and the plaintiff's acts conclusively negate diligence.  Id.  Due diligence has been defined as "'that diligence to procure service which an ordinarily prudent person would have used under the same or similar circumstances.'" Id. at 291 (citations omitted).

 Because service was effected more than two years after plaintiff sustained his alleged January 27, 2003, injury, the timeliness of this action depends on whether the date of service

-4-

relates back to the original filing date of November 30, 2004. Given the importance of obtaining timely service, the court concludes that a reasonably prudent person in these circumstances would have made sure that service was effected by January 27, 2005, so that limitations could not become an issue. At the very least, a reasonably prudent person would have exercised sufficient diligence to ensure that the service date related back to the filing date by, for example, monitoring the process server to make certain of an expeditious delivery. There is nothing in the record to indicate that plaintiff took this or any other step to follow up and ensure that process was served reasonably soon after filing. In fact, plaintiff's failure to respond to defendant's summary judgment motion suggests a casual attitude where he should instead have been "careful, persistent, devoted or painstaking." Id. at 291.

## IV. Conclusion and Order

Because the court concludes as a matter of law that plaintiff failed to exercise due diligence in obtaining service on defendant, Defendant Grant Prideco, L.P.'s Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 1st day of August, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE